# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-48V

| | |
|---|---|
| TAMARA COOK,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Jennifer A. Shah<br><br>Filed: February 19, 2025 |

*Jessica Olins*, Mctlaw, Seattle, WA, for Petitioner
*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent

## **DECISION DISMISSING PETITION**[1]

### I. Procedural History

On January 13, 2023, Tamara Cook ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging she developed a rash, consistent with urticaria versus bullous pemphigoid, caused by the influenza ("flu") vaccine she received on February 28, 2020. Pet. at 1-3, ECF No. 1.

On October 18, 2024, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 18. More specifically, Respondent stated that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

> As a threshold matter, petitioner must first establish by a preponderance of evidence that she suffered from the conditions for which she seeks compensation. *See Broekelschen v. HHS*, 618 F.3d 1339, 1346 (Fed. Cir. 2010). As the Federal Circuit has made clear, "the statute places the burden on petitioner to make a showing of at least one defined and recognized injury." *Lombardi v. HHS*, 656 F.3d 1343, 1353 (Fed. Cir. 2011) (affirming a special master's decision to dismiss a petition when the petitioner could not establish that she had any of the three diagnoses alleged). The Petition alleges that she developed a rash, consistent with urticaria versus BP as a result of a flu vaccine she received on February 28, 2020. However, petitioner had a long history of [systemic lupus erythematosus] and an intermittent photosensitive rash. Ex. 13 at 27; Ex. 14 at 25. Medical providers variously diagnosed her rash as a discoid lupus flare, or a varicella-like rash related to a COVID-19 infection. Ex. 4 at 6. Her dermatologist not only raised the possibility of urticarial BP, but also suggested a possible cutaneous lupus erythematosus diagnosis. Ex. 4 at 23, 26.
>
> Petitioner has not presented a medical theory causally linking her flu vaccination to her "rash, consistent with urticaria versus bullous pemphigoid," and has not presented a logical sequence of cause and effect showing that her vaccination was the reason for her injury. To date, petitioner has not provided the report of a medical expert to support her claim, and none of her treating physicians attributed her rash to her flu vaccination.
>
> Finally, petitioner has ignored alternative causes of her rash in the record, including her preexisting SLE and discoid lupus, to establish her prima facie case.

*Id.* at 7-8.

After Respondent's Rule 4(c) Report was filed, Petitioner indicated she had retained an expert to review her case. Pet'r's Status Rep., ECF No. 31. I issued a non-PDF Order setting a deadline of February 18, 2025, for Petitioner to file an expert report. *See* non-PDF Scheduling Order on 12/18/2024.

On February 18, 2025, Petitioner filed the instant motion to dismiss the petition, stating:

> An investigation of the facts and science supporting their case has demonstrated to Petitioner that they will be unable to prove that they are entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. Petitioner understands that a decision by the Special Master dismissing their petition will result in a judgment against them. They have been advised that such a judgment will end all of their rights in the Vaccine Program.

ECF No. 33 at 1. Respondent does not oppose this motion. *Id.* at 2.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, as Petitioner acknowledges, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.** [3]

If Petitioner wishes to preserve her right to file a civil action in this case, she must file an election in writing with the Clerk of Court indicating her intent to file a civil action for damages within 90 days after entry of judgment. *See* Vaccine Rule 12(a).

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.