# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-48V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| TAMARA COOK, | * | |
| Petitioner, | * | Special Master Shah |
| v. | * | Filed: October 17, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Jessica Anne Olins,* Mctlaw, Seattle, WA, for Petitioner.
*Eleanor Hanson,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 13, 2023, Tamara Cook ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. at 1 (ECF No. 1). Petitioner alleged that she developed a rash, consistent with urticaria versus bullous pemphigoid, caused by the influenza ("flu") vaccine she received on February 28, 2020. Pet. at 1-3, ECF No. 1. On February 18, 2025, Petitioner filed a Motion for Dismissal stating that, "[a]n investigation of the facts and science supporting their case has demonstrated to Petitioner that they will be unable to prove that they are entitled to compensation in the Vaccine Program." ECF No.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

33. On February 19, 2025, I granted Petitioner's motion and issued a Decision Dismissing Petition. ECF No. 34.

On April 29, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 36 ("Fees App."). Petitioner requests a total of $31,043.93 in attorneys' fees and costs, consisting of $26,530.50 in attorneys' fees and $4,513.43 in attorneys' costs. Fees App. at 1-2. Petitioner states that she did not incur personal costs related to prosecution of this petition. Ex. 19 at 1. Respondent responded to the motion on May 7, 2025, stating that "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 38 ("Fees Resp.") at 2, 6. While deferring to me on the totality of Petitioner's request, Respondent did object to the fees and costs associated with the consultation with Petitioner's expert, Kyle Amber, M.D. *Id.* at 3, n. 2. Petitioner filed a reply on May 8, 2025. ECF No. 39 ("Fees Reply").

This matter is now ripe for consideration.

I.   **Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the claim possessed good faith and reasonable basis while it was pending before the Court. I note that Respondent has not asserted that this claim was not brought in good faith or lacked a reasonable basis. Accordingly, I conclude that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

A. **Reasonable Hourly Rates**

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

2

Petitioner requests the following rates of compensation for her attorneys at mctlaw: for Ms. Jessica Olins, $290.00 per hour for work performed in 2022, $320.00 per hour for work performed in 2023, $355.00 per hour for work performed in 2024, and $410.00 per hour for work performed in 2025; and for Mr. Altom Maglio, $520.00 per hour for work performed in 2024. Ex. 18 at 22. Petitioner also seeks compensation for paralegals, ranging from $180.00-$205.00 per hour for work performed from 2022-2025. *Id.* Ms. Olins and her colleagues have previously been awarded these rates by other special masters. *See Wilson v. Sec'y of Health & Hum. Servs.*, No. 23-1142V, 2025 WL 1983850, at *1 (Fed. Cl. Spec. Mstr. June 10, 2025). Accordingly, I find the requested rates are reasonable and will award them herein.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *see also Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

I have reviewed the submitted billing entries and find the request to be reasonable. The billing entries contain sufficient detail to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, Petitioner is awarded final attorneys' fees in the amount of **$26,530.50**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $4,513.43 in attorneys' costs. This amount consists of costs associated with acquiring medical records, document signing fees, postage, the Court's filing fee, and services provided by her dermatology expert, Dr. Amber. *See* Ex. 17 at 1-2.

Dr. Amber billed at $600.00 per hour for five hours of work performed, totaling $3,000.00. Ex. 17 at 44-46. Respondent "objects to the fees and costs associated with the consultation with Dr. Kyle Amber given that no expert report was ever produced or filed." Fees Resp. at 3, n. 2. Alternatively, Respondent "requests that the Special Master award not more than $500.00 per hour for Dr. Amber's work." *Id*. In reply, Petitioner argues that "[c]osts relating to expert consultation are compensable even where no expert report is filed, provided the expert's fees are reasonable." Fees Reply at 7 (citing *Morrison v. Sec'y of Health & Hum. Servs.,* No. 18-386V, 2023 WL 1873254, at *8 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Plescia v. Sec'y of Health & Hum. Servs.,* No. 15-1472V, 2018 WL 6291870, at *2-3 (Fed. Cl. Spec. Mstr. Oct. 31, 2018)). Petitioner further

3

argues that under the five-factor *Sabella* test,[3] "the rate requested for Dr. Amber is reasonable, and annual hourly rate increases are supported by PPI inflation.  Further, the overall amount of costs requested for Dr. Amber's consultation on this case is reasonable and satisfies the Vaccine Act's standard for the award of reasonable costs." *Id*. at 8.  Additionally, Petitioner asserts that "this Court has previously awarded the $600 per hour rate requested for Dr. Amber for his consultation in this matter." *Alcala v. Sec'y of Health & Hum. Servs.*, No. 21-2100V, slip op. (Fed. Cl. Spec. Mstr. Apr. 4, 2024).

I find that Petitioner is not barred from reimbursement of expert fees merely because no expert report was ever produced or filed.  In *Plescia*, the special master awarded $3,500.00 for work performed by two different experts who reviewed the medical records but did not file expert reports.  *Plescia*, 2018 WL 6291870, at **2-3.  In this case, it was reasonable for Petitioner to consult with an expert to review her records and provide an initial assessment.  Petitioner asserts that, "[f]ollowing Dr. Amber's consultation, on February 18, 2025, Petitioner filed a voluntary motion to dismiss her claim after an investigation of the facts and science supporting her case had demonstrated that she would've [been] unable to prove that she was entitled to compensation in the Vaccine Program."  Fees Reply at 6-7.  Thus, Dr. Amber's services played an important role in this case and its ultimate resolution, and Petitioner should be reimbursed for their cost.

I further conclude that the overall amount requested for reimbursement of his services ($3,000.00) was reasonable, and I shall reimburse that amount in full.  In awarding the full amount of costs sought, I am not specifically endorsing any particular hourly rate for Dr. Amber's work.  I find only that the total amount requested for his work is reasonable.

Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified any other specific costs as objectionable.  I find these costs to be reasonable and award them in full.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$4,513.43**.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable to the extent described above.  I find that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $26,530.50 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$26,530.50** |
| | |

---

[3] In *Sabella* the special master employed a five-factor test for determining the reasonableness of a proposed expert rate, including "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 206 (Fed. Cl. 2009).

| | |
|---|---|
| Attorneys' Costs Requested | $4,513.43 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,513.43** |
| | |
| **Total Amount Awarded** | **$31,043.93** |

**Accordingly, I award a lump sum in the amount of $31,043.93, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).